LaPORTE CIVIC AUDITORIUM, and City of LaPorte, Appellants–Defendants,

v.

Betty AMES and Rich Ames, Appellees–Plaintiffs.

No. 46A03–9405–CV–177.

Court of Appeals of Indiana, Third District.

Oct. 25, 1994.

Transfer Denied Jan. 25, 1995.

Martin D. Hoke, Charles C. Hoppe, Jr., Knight, Hoppe, Fanning & Knight, Ltd., Schererville, for appellant.

Michael J. Anderson, Jeffrey J. Stesiak, Sweeney, Pfeifer & Anderson, South Bend, for appellee.

GARRARD, Judge.

The LaPorte Civic Auditorium and City of LaPorte (hereinafter LaPorte) appeal the denial of their motion for summary judgment. LaPorte claims that the trial court incorrectly denied it immunity which is provided under I.C. 34-4-16.5-3(3). We agree and reverse.

## FACTS

While en route to attend her ceramics class at the LaPorte Civic Auditorium on the morning of March 10, 1992, Betty Ames slipped and fell on the sidewalk just outside the building. The undisputed facts indicate that a storm the night before had left a thin covering of ice and snow on the city's sidewalks. Ames saw no signs that any salt additives had been spread on the sidewalk. As a result of her fall, Ames sustained personal injuries and incurred medical costs. In addition, her husband Rick Ames lost the services and consortium of his spouse.

Ames and her husband filed a complaint against both the city of LaPorte and the Civic Auditorium charging negligence. After conducting discovery, LaPorte filed a motion for summary judgment claiming that I.C. 34-4-16.5-3(3) conferred immunity from liability for the Ames' losses. This statute provides that:

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:

(3) the temporary condition of a public thoroughfare which results from weather.

The trial court denied the motion, finding that the word "thoroughfare" as used in I.C. 34-4-16.5-3(3) did not mean the sidewalk upon which Mrs. Ames fell while entering the LaPorte Civic Auditorium.

LaPorte then filed its assignment of error and moved for certification of this matter for interlocutory appeal. The court certified the question and stated the issue as, "Does the plain, ordinary meaning of the language utilized in I.C. 34-4-16.5-3(3) include a public sidewalk?" This is the sole issue presented on appeal.

## DISCUSSION

█ Ames argues that a public thoroughfare as set forth in the Indiana Tort Claims Act, in the ordinary and plain sense of the word, is simply a road or highway and not a sidewalk. If Ames is correct, then LaPorte does not qualify for the immunity granted under I.C. 34-4-16.5-3(3). Thus, we are forced to examine the meaning of the word thoroughfare as used in the statute. We must construe the statute according to its plain meaning, and words and phrases shall be taken in their plain, ordinary and usual sense unless a different purpose is manifested by the statute itself. *Van Bree v. Harrison County* (1992), Ind.App., 584 N.E.2d 1114, 1117; *Department of Public Welfare, State of Indiana v. Couch* (1992), Ind., 605 N.E.2d 165, 167.

█ We find that the plain meaning of "thoroughfare" as used in I.C. 34-4-16.5-3(3) includes a public sidewalk. According to its derivation, the term means a street or passage through which one can fare or travel; that is, a street or passage affording an unobstructed exit at each end into another street or passage. The customary meaning of "thoroughfare" thus appears to center upon the ability of people to travel upon or through it. A sidewalk is a passage of travel for pedestrians. Sidewalks are therefore included in the plain and ordinary meaning of the term thoroughfare.

The provision of governmental immunity in this area is not recent. I.C. 34-4-16.5-3(3) codified the common law precedent that a governmental entity is not liable for injuries caused by defects in its streets and sidewalks due to the natural accumulation of ice and snow. *Leinbach v. State* (1992), Ind.App., 587 N.E.2d 733, 735; *Van Bree*, 584 N.E.2d

at 1117.[1] Thus the plain meaning of the term thoroughfare must include sidewalks as well as streets and highways.

Other Indiana statutes and caselaw support including sidewalks within the term thoroughfare. "Thoroughfare" has been defined by our legislature to specifically include sidewalks.

> "Thoroughfare" means a public way or public place that is included in the thoroughfare plan of a unit. The term includes the entire right-of-way for public use of the thoroughfare and all surface and subsurface improvements on it such as *sidewalks,* curbs, shoulders, and utility lines and mains. (emphasis added.)[2]

In addition, several older cases stated that a sidewalk is considered as the part of a street reserved for pedestrians. *Wabash Railway Co. v. DeHart* (1902), 32 Ind.App. 62, 65 N.E. 192, 193.[3] The definitional statute and above cases lend support for finding that the plain meaning of thoroughfare includes sidewalks.

Finally, including sidewalks within the definition of thoroughfare is consistent with this court's recent decision in *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099. Babinchak slipped and fell on a muddy, cracked sidewalk and sustained injuries. She sued the Town of Chesterton, which then moved for summary judgment claiming immunity under I.C. 34–4–16.5–3(3). *Id.* at 1100. After Babinchak failed to appear at the hearing and failed to file any materials in opposition to the motion, the court entered judgment for the Town of Chesterton. *Id.* at 1101.

Although this case turned on application of T.R. 56(C), the holding indicates that the statute applies to sidewalks as well as streets. In order to prevail on a motion for summary judgment, the movant must establish that there is no issue of material fact and that the movant is entitled to judgment as a matter of law. Clearly the statute had to grant the Town of Chesterton immunity be-

fore it would be entitled to judgment as a matter of law. Thus, the plain meaning of "thoroughfare" as used in I.C. 34–4–16.5–3(3) includes sidewalks.

For the foregoing reasons, we reverse the ruling of the trial court and remand this case for proceedings consistent with this opinion.

STATON and RUCKER, JJ., concur.

---

1. *See, i.e., City of South Bend v. Fink* (1966), 139 Ind.App. 282, 219 N.E.2d 441, 443; *City of Linton v. Jones* (1921), 75 Ind.App. 320, 130 N.E. 541.

2. I.C. 36–7–1–20 (1994 Supp.).

3. This definition has been supported in other decisions, including *City of Frankfort v. Coleman* (1898), 19 Ind.App. 368, 49 N.E. 474, 475 and *Marion Trust Co. v. City of Indianapolis* (1905), 37 Ind.App. 672, 75 N.E. 834, 836.