**Betty YERKES, Appellant–Plaintiff,**

v.

**HEARTLAND CAREER CENTER, Appellee–Defendant.**

No. 85A02–9508–CV–487.

Court of Appeals of Indiana.

Dec. 27, 1995.

---

4. Manitowoc failed to present any argument in opposition to Bethlehem at the trial court on this     issue.

Alfred H. Plummer, III, Wabash, for Appellant.

Dane L. Tubergen, Fort Wayne, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Betty Yerkes appeals from the trial court's grant of summary judgment in favor of Heartland Career Center ("Heartland"). Yerkes filed a negligence action against Heartland for injuries she sustained when she slipped and fell on a patch of ice on a sidewalk outside of Heartland. The trial court concluded that Heartland was immune from liability pursuant to the Indiana Tort Claims Act and entered summary judgment.

We affirm.

### ISSUES

Yerkes presents two issues for our review which we restate as:

1. Whether Heartland is a governmental entity within the meaning of the Tort Claims Act.

2. Whether Heartland is entitled to governmental immunity as a matter of law.

### FACTS

Heartland, located in Wabash County, is a cooperative vocational school established pursuant to statute and maintained and funded by several school corporations and the Indiana Department of Education. On January 7, 1994, Yerkes drove to Heartland to inquire about enrolling in an adult education class. After parking her car in the Heartland parking lot, Yerkes exited her vehicle and began to walk along the sidewalk which led to the building. As she was walking, Yerkes slipped and fell on a patch of ice and sustained injuries to her left hand, forearm and wrist. Yerkes filed her complaint for negligence against Heartland and alleged that Heartland failed to maintain its premises in a reasonably safe condition for business invitees such as Yerkes. Heartland answered and moved for summary judgment

raising the defense of governmental immunity. The trial court entered summary judgment in favor of Heartland and concluded that Heartland was entitled to governmental immunity as a matter of law.

### DISCUSSION AND DECISION

#### Standard of Review

Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). In reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard applied by the trial court. *Walling v. Appel Service Co.* (1994), Ind.App., 641 N.E.2d 647, 648–49. We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the party opposing summary judgment. *Gilliam v. Contractors United, Inc.* (1995), Ind.App., 648 N.E.2d 1236, 1238, *trans. denied.* We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton* (1994), Ind.App., 641 N.E.2d 665, 667.

#### Issue One: Governmental Entity

Governmental immunity from suit is regulated by the Indiana Tort Claims Act, Indiana Code §§ 34-4-16.5-1 through 34-4-16.5-22. Pursuant to the Act, governmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the Act applies. *Willis v. Warren Township Fire Dep't* (1995), Ind.App., 650 N.E.2d 321, 323. Yerkes first contends that Heartland is not a governmental entity within the meaning of the Act. We cannot agree.

Indiana Code § 34-4-16.5-2 defines governmental entity and provides as follows:

(c) "Governmental entity" means the state or a political subdivision of the state.

(f) "Political subdivision" means a:

* * * * * *

(ix) school corporation, or

(x) board or commission of one (1) of the entities listed in subdivisions (1) through (9);

Yerkes argues that although Heartland is a school, it is not a school corporation and, thus, that Heartland does not qualify as a political subdivision of the state. However, Heartland is a vocational school established pursuant to statutory authority granted only to school corporations. Indiana Code § 20–1–18–7 allows two or more school corporations to cooperate and maintain or supervise schools or departments for vocational education "if the governing bodies of these school corporations agree to cooperate and apportion the cost of the schools or departments among the school corporations." The heads of the cooperating school corporations or their delegated representatives constitute the board for the management of the school. IND.CODE § 20–1–18–7.

Heartland is comprised of five school corporations: Manchester Community Schools, North Miami Consolidated School District, Peru Community Schools, Schools City of Wabash, and the Metropolitan School District of Wabash County. Heartland has no independent identity or authority. Its funding is derived from the participating schools and from the Indiana Department of Education, its budget must be approved by each participant, and its expenditures are subject to audit by the State Board of Accounts. The record indicates that the participating school corporations also hold legal title to the real estate upon which Heartland's building and sidewalk are located.

Although Heartland is comprised of several school corporations, since each entity which makes up Heartland is a school corporation, we consider the cooperative venture of these participants to be a school corporation for the purposes of the Tort Claims Act. We can discern no sound reason why cooperating school corporations authorized by statute to provide a joint program of vocational education should not share the same status under the Act as each participant would when engaged in the same activity. The legislature could not have intended that result. We hold that Heartland is a school corporation as that term is used in the Act,

Indiana Code § 34–4–16.5–2(f)(9). Thus, Heartland is a political subdivision of the state and a governmental entity under the Act.

### Issue Two: Immunity

█ Because we have determined that Heartland is a governmental entity, we must next determine whether it is entitled to immunity as a matter of law. The entity seeking governmental immunity bears the burden of proving that its conduct falls within one of the immunity provisions set out in the Tort Claims Act. *Mullin v. Municipal City of South Bend* (1994), Ind., 639 N.E.2d 278, 281. Heartland relies on Indiana Code § 34–4–16.5–3(3) which provides that a governmental entity or an employee acting within the scope of his employment is not liable if a loss results from "the temporary condition of a public thoroughfare which results from weather." Yerkes contends that the sidewalk upon which she fell was not a "public thoroughfare." We disagree.

In *LaPorte Civic Auditorium v. Ames* (1994), Ind.App., 641 N.E.2d 1045, *trans. denied,* the plaintiff slipped and fell on an icy sidewalk just outside the LaPorte Civic Auditorium while en route to her ceramics class at the Auditorium. *Id.* at 1046. We held that the plain and ordinary meaning of "thoroughfare" as used in the Tort Claims Act includes sidewalks and, thus, LaPorte was immune from liability. *Id.* We stated that the customary meaning of thoroughfare centers upon the ability of people to travel upon or through it. *Id.* Because a sidewalk is used as a passage of travel for pedestrians, we found that a sidewalk is included within the ordinary meaning of the term thoroughfare. *Id.* In finding immunity, we recognized that Indiana Code § 34–4–26.5–3(3) merely codified the common law precedent that a governmental entity is not liable for injuries caused by defects in its streets and sidewalks due to the natural accumulation of ice and snow. *Id.; see City of South Bend v. Fink* (1966), 139 Ind.App. 282, 286, 219 N.E.2d 441, 443.

█ Yerkes argues that because Heartland's sidewalk is next to a parking lot rather than a public street, it is not a thoroughfare. However, there is no requirement that a

sidewalk be adjacent to a public street or within the right-of-way of a public street in order to be considered a thoroughfare. As we stated in *LaPorte*, a sidewalk is a passage of travel and, as such, is included in the plain meaning of thoroughfare as used in Indiana Code § 34–4–16.5–3. *LaPorte*, 641 N.E.2d at 1046.

■ Finally, Yerkes asserts that Heartland's sidewalk leads only to the school and, thus, that the sidewalk is not a "public" sidewalk because it is not used by the general public but by adults attending classes. However, sidewalks which provide ingress and egress exclusively to a public facility are public even though not every member of the public uses them. Where the entity is public, the sidewalk which serves it is a public thoroughfare. As a matter of law, Heartland is entitled to immunity from any liability resulting from the icy condition of its sidewalk. The trial court properly entered summary judgment in favor of Heartland.

Affirmed.

ROBERTSON and CHEZEM, JJ., concur.