Robert H. BRUNNER, Appellant–
Petitioner,

v.

The TRUSTEES OF PURDUE UNIVER-
SITY, et al., Appellees–Respondents.

No. 49A02–9707–CV–452.

Court of Appeals of Indiana.

Dec. 8, 1998.

Roberta L. Ross, Jay Meisenhelder, Ross & Brunner, Indianapolis, for Appellant–Petitioner.

David A. Starkweather, Stuart and Branigan, Lafayette, for Appellees–Respondents.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Robert H. Brunner ("Brunner") appeals the trial court's order granting summary judgment in favor of Defendants–Appellees the Trustees of Purdue University, et al. (the "Trustees").

We affirm.

### ISSUES

Brunner presents several issues[1] for our review which we consolidate and restate as:

---

1. Brunner argues that there are material issues of fact to be determined by the finder of fact regarding whether Purdue University negligently maintained the parking lot and whether Purdue University had improper lighting in the parking lot. We have found nothing in the materials

I. Whether the trial court erred in finding as a matter of law that the parking lot area at Purdue University was a public thoroughfare for purposes of the Indiana Tort Claims Act.

II. Whether the trial court erred in granting the Trustees' motion for summary judgment after another court had denied a previous motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY

On January 31, 1991, Brunner planned to attend a Purdue University men's varsity basketball game at Mackey Arena with his wife. After dropping his wife off at the door to the arena, Brunner drove to parking lot "L." He held a parking pass authorizing him to park in that specific lot. After parking his vehicle, he proceeded through the lot and headed toward Mackey Arena. Brunner slipped on a patch of ice and fell, fracturing his right leg in four places.

Brunner sued the Trustees in Marion County Superior Court Two alleging that Purdue failed to properly maintain the parking lot in violation of a duty of care owed to Brunner as an invitee. The Trustees claimed immunity from the suit under the Indiana Tort Claims Act, Ind.Code § 34–13–3–3(3). The Trustees moved for summary judgment, but that motion initially was denied by the court. The Trustees moved the court to reconsider its ruling on the motion for summary judgment. Superior Court Two granted the motion to reconsider and set the matter for rehearing on the Trustees' motion for summary judgment. The case subsequently was transferred to Marion County Superior Court Thirteen. That court heard the matter and granted the Trustees' motion for summary judgment based upon this court's holding in *Yerkes v. Heartland Career Center*, 661 N.E.2d 558 (Ind.Ct.App.1995).

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

A trial court's decision on a motion for summary judgment enters the process of appellate review clothed with a presumption of validity. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). The party appealing the grant of a motion for summary judgment must persuade the appellate court that error occurred. *Id.*

When reviewing a grant of summary judgment, we use the same standard as applied by the trial court. *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind.1997). Summary judgment should be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In making our determination, we consider the evidence designated by the parties in a light most favorable to the non-moving party. *Id.* Any doubt about a fact or inference is resolved in favor of the non-moving party. *Id.*

Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind.1996); Ind. Trial Rule 56(C). This is true even if the court believes the non-moving party will not succeed at trial. *Dague v. Fort Wayne Newspapers, Inc.*, 647 N.E.2d 1138, 1140 (Ind.Ct.App.1995). Summary judgment should not be used as an abbreviated trial. *Watters v. Dinn*, 633 N.E.2d 280, 285 (Ind.Ct.App.1994).

The trial court must enter summary judgment if designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Rosi v. Business Furniture Corporation*, 615 N.E.2d 431, 434 (Ind.Ct.App.1993). An appellate court is prohibited from reversing summary judgment orders on the ground that there is a genuine issue of material fact unless material facts and relevant evidence were specifically designated to the trial court. *Id.*

### I. PUBLIC THOROUGHFARE

The Indiana Tort Claims Act is codified at Ind.Code § 34–13–3–1 *et seq.* and provides in part as follows:

designated to the trial court about improper lighting; therefore, we cannot address that issue. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). Further, negligent maintenance

of the parking lot was irrelevant to the issue of governmental immunity which was before the trial court on summary judgment. Therefore, we will not address that issue.

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:

\* \* \*

(3) the temporary condition of a public thoroughfare that results from weather;[.]

\* \* \*

Ind.Code § 34–13–3–3(3).

■ Governmental immunity from suit is regulated by the Indiana Tort Claims Act. *Yerkes*, 661 N.E.2d at 560. Governmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the Act applies. *Id.* Moreover, whether a governmental entity is immune from liability under the Tort Claims Act is a question of law for the courts, although it may include an extended factual development. *State v. Livengood by Livengood*, 688 N.E.2d 189, 192 (Ind.Ct.App.1997).

■ The main dispute between the parties was the issue of whether parking lot "L" was a public thoroughfare. In the materials designated to the trial court, the parties agree that public pedestrian traffic through lot "L" was not limited or restricted. Pedestrians, as well as a shuttle bus, passed through the lot on the way to Mackey Arena. The parties also agree that Brunner slipped on ice in the parking lot and fell.

The issue of whether immunity under the Indiana Tort Claims Act applied to Purdue University in this situation was one for the trial court to determine as a matter of law. *See, Id.* Under our standard of review where there is no dispute about the facts material to the claim, we must determine whether the trial court properly applied the law to the facts of this case. *Burnett v. Cincinnati Ins. Co.*, 690 N.E.2d 747, 749 (Ind.Ct.App.1998).

The parties disagree about the characterization of the parking lot "L" as a public thoroughfare. Brunner's argument consists of a couple of elements. First, he claims that the parking lot was not public because parking in the lot was for members of the John Purdue Club. Second, he contends that the

purpose of the lot was for parking cars; therefore, the lot could not have been a thoroughfare. The Trustees claim that although cars were parked in the lot, pedestrian traffic as well as shuttle bus traffic was not restricted in that area; therefore, the parking lot was a thoroughfare. The Trustees cite *Yerkes* to support their position.

In *Yerkes*, this court addressed the issue of the meaning of "thoroughfare" for purposes of the Indiana Tort Claims Act. We followed the language used in *LaPorte Civic Auditorium v. Ames*, 641 N.E.2d 1045, 1046 (Ind.Ct.App.1994), defining thoroughfare as a street or passage through which one can fare or travel. We stated in *Yerkes* that the determination of whether something was a thoroughfare depended upon the ability of people to travel upon or through it. 661 N.E.2d at 561.

In the present case, the trial court had before it the undisputed facts that a shuttle bus ran through the parking lot to transport people to Mackey Arena. Further, pedestrians walked through the lot in order to catch the shuttle bus, or to proceed toward the arena. We find that the trial court did not err in applying the law to the facts of this case.

## II. RENEWED MOTION FOR SUMMARY JUDGMENT

Brunner argues that Marion County Superior Court Thirteen was precluded from ruling on the Trustees' subsequent motion for summary judgment because a motion raising the same issues had been decided by Marion County Superior Court Two. Essentially, Brunner argues that the first ruling on the summary judgment matter was the law of the case. The Trustees argue that either trial court had the authority to reconsider rulings prior to judgment. We agree.

In *McLaughlin v. American Oil Company*, 181 Ind.App. 356, 391 N.E.2d 864 (1979), the Lake Superior court denied a motion for summary judgment. Venue in the case was changed to the LaPorte circuit court. The LaPorte circuit court heard a motion for summary judgment on the same grounds that had been presented to the Lake Superi-

or court. The circuit court denied the motion initially, but on reconsideration granted the motion. McLaughlin alleged first, that the superior court's ruling was binding on the circuit court, and second, that the circuit court could not reconsider its initial ruling. We followed a supreme court case holding that the ruling of the first judge exercising jurisdiction in a case does not become the law of the case. *See, State ex rel. Williams Coal Co. v. Duncan, Judge,* 211 Ind. 203, 207, 6 N.E.2d 342, 343–344 (1937). Further, we held that a trial court has inherent power to reconsider, vacate or modify any previous order prior to entry of judgment. *McLaughlin,* 391 N.E.2d at 865.

■ Superior Court Thirteen had the authority to hear and rule upon the motion for summary judgment in spite of the fact that a court previously having jurisdiction in the matter had heard the same motion.

### CONCLUSION

The trial court did not err in ruling as a matter of law that the parking lot was a public thoroughfare. Further, the court had the authority to hear and rule upon a motion for summary judgment previously heard and ruled upon by a court formerly having jurisdiction in the matter.

Affirmed.

SHARPNACK, C.J., and RUCKER, J., concur.