**AMERICAN DRY CLEANING & LAUNDRY, et al., Appellants–Plaintiffs,**

v.

**STATE of Indiana, et al., Appellee–Defendants.**

**No. 49A02–9908–CV–567.**

Court of Appeals of Indiana.

March 8, 2000.

John Price, Indianapolis, Indiana, Attorney for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

American Dry Cleaning and Laundry, other affiliated corporate entities, and corporate principals, James A. Reed and Linda Mull Reed, (collectively "ADC") appeal the dismissal of their defamation and tortious interference claims against the State of Indiana, the Indiana Department of Environmental Management, former Attorney General Pamela Carter, and four other state employees. ADC raises several issues for our review, which we consolidate and restate as: Whether the trial court erroneously dismissed the defamation and tortious interference claims on the basis that the State and its agencies are absolutely immune from suit based upon common law and statutory provisions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1996, the State and Attorney General sued ADC alleging that the dry cleaning business was operating in violation of environmental laws. The suit sought to shut down the business operations and to dissolve the corporate entities. This lawsuit remains pending.

On July 20, 1998, ADC filed a complaint against the State of Indiana, the Indiana Department of Environmental Management, former Attorney General Pamela Carter, and other state employees, alleging that ADC was defamed by comments made during television interviews and news conferences in which Carter described ADC as a "public enemy." The complaint also alleged that the State interfered with the business relationships that ADC had with customers and suppliers. On October 13, 1998, the State filed a motion to dismiss for failure to state a claim upon which relief could be granted and a motion for summary judgment claiming absolute immunity from suit. After conducting a hearing on the motions, the trial court granted the State's motion to dismiss. ADC now appeals the dismissal.

## DISCUSSION AND DECISION

■ In reviewing a motion to dismiss granted pursuant to Trial Rule 12(B)(6), our standard of review is well settled. A 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Borgman v. Aikens*, 681 N.E.2d 213, 216 (Ind. Ct.App.1997), *trans. denied*. We, therefore, view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of this party. *Id*. In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id*. at 216–17. The trial court's grant of the motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id*. at 217. Furthermore, in determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Mart v. Hess*, 703 N.E.2d 190, 193 (Ind.Ct.App. 1998).

ADC argues that the State and its agents are not immune from liability for their actions under either common law or statutory principles. ADC therefore claims that the trial court erroneously granted the motion to dismiss its complaint. We disagree because we find that the State is absolutely immune from liability based upon both common law doctrine and the Indiana Torts Claim Act.

■ ADC's defamation claim is based upon alleged defamatory statements made in pleadings the State filed in its suit against ADC and alleged defamatory remarks made to the press by former Attorney General Pamela Carter. With respect to ADC's claim of defamation contained in pleadings filed by the State, the State enjoys an absolute privilege from a defamation suit. Statements made by the parties in pleadings and other court filings are absolutely privileged if the statements are pertinent and relevant to the litigation. *See Trotter v. Indiana Waste Systems, Inc.*, 632 N.E.2d 1159, 1162 (Ind.Ct.App. 1994); *Briggs v. Clinton County Bank & Trust Co. of Frankfort*, 452 N.E.2d 989, 997 (Ind.Ct.App.1983). We agree with the State that "all of the allegations in the complaint—that ADC was operating in an unlawful manner, causing environmental harm, and injuring neighbors to its facility—were integral to the lawsuit." *Appellee's Brief* at 10. Therefore, we hold that because these statements were pertinent and made in the course of litigation, they are covered by the privilege.

■ With respect to remarks Carter made to the press, we are guided by *Foster v. Pearcy*, 270 Ind. 533, 387 N.E.2d 446

(1979), *cert. denied,* 445 U.S. 960, 100 S.Ct. 1646, 64 L.Ed.2d 235 (1980), in which absolute immunity was applied to alleged defamatory statements made by a prosecuting attorney. In *Foster,* the plaintiff brought a libel suit against the Marion County Prosecuting Attorney and a deputy prosecutor based upon remarks the deputy prosecutor made to a newspaper reporter concerning a criminal investigation. The court held that local prosecutors enjoyed the same absolute immunity as that protecting the Attorney General of Indiana for statements made in carrying out their official actions. *Id.* at 448–49. The court stated that a prosecutor has a duty to keep the public informed about pending cases and the activities of his or her office. *Id.* at 448. As such, a prosecutor "must be able to exercise his best judgment, independent of other irrelevant factors, in serving as the State's advocate and in communicating such developments and events to the public." *Id.* at 448–49. Thus, the court concluded that because a prosecutor is duty-bound to inform the public about his or her investigative, administrative, and prosecutorial activities, a prosecutor enjoys absolute immunity in carrying out these duties. *Id.* at 449. Finally, the court noted that where "the acts are reasonably within the general scope of authority granted to prosecuting attorneys, no liability will attach." *Id.*

Applying *Foster* to the present case, we hold that under the common law doctrine of absolute immunity, the State and its agents are absolutely immune from liability to ADC. Carter's statements to the press can reasonably be understood as merely informing the public about the pending suit against ADC. Carter was fulfilling her duty to inform the public about recent developments in a case involving environmental contamination. She was therefore acting within the scope of her authority and is entitled to absolute immunity for statements made to the news media. *See also Sims v. Barnes,* 689 N.E.2d 734 (Ind.Ct.App.1997), *trans. denied* (1998)

(common law absolute immunity applied to statements prosecutor made to press).

■ The State and its agents also enjoy absolute immunity under the Indiana Tort Claims Act. In both *Foster* and *Sims,* it was noted that the duty to keep the public informed could also be considered a "discretionary function" that falls within the absolute immunity afforded under the Act. *Foster,* 387 N.E.2d at 449; *Sims,* 689 N.E.2d at 737. IC 34–13–3–3(6) provides that "[a] governmental entity or employee acting within the scope of the employee's employment is not liable if a loss results from … the performance of a discretionary function[.]" The *Foster* court noted that granting statutory immunity insured that a prosecutor is able to exercise the independent judgment required to carry out his or her duties to investigate and apprise the public of his or her actions. *Foster,* 387 N.E.2d at 449. Here, because Carter was acting within the scope of her authority in making statements to the press about a pending case, she was performing a discretionary function, and thus enjoys absolute immunity under the Indiana Tort Claims Act from liability to ADC.

■ ADC's final contention that the trial court erred in dismissing the tortious interference with a business relationship claim is similarly without merit. We agree with the State that the factual allegations that ADC made to support its tortious interference claim are essentially the same as the allegations supporting the defamation claim. As such, we find that the statements made in the pleadings and those made by Pamela Carter to the press are privileged under the common law and immune under the Indiana Tort Claims Act. ADC does not allege how the State did anything to interfere with its business relationships. Thus, the trial court properly dismissed the claim.

For the foregoing reasons, we conclude that the trial court properly held that ADC's complaint failed to state a claim for

relief against the State for both defamation and tortious interference with a business relationship.[1]

Affirmed.

SHARPNACK, C.J., and RILEY, J., concur.

---

1. We have considered ADC's remaining argu-     ments and find them also to be without merit.