Bryon W. LATTIMORE, Appellant–Petitioner,

v.

Heather AMSLER, Appellee–Respondent.

No. 37A03–0107–JV–241.

Court of Appeals of Indiana.

Nov. 20, 2001.

Bryon W. Lattimore, Appellant Pro Se.

**OPINION**

BAKER, Judge.

Appellant-petitioner Bryon W. Lattimore appeals the trial court's dismissal of his *pro se* petition to set visitation and restrict change of his child's name, and the trial court's denial of his motion for appointment of counsel to assist him in this cause of action. The trial court dismissed his petition because he failed to allege that he had established paternity of the child. Lattimore asserts that he set forth facts sufficient to indicate that he had established paternity. He also asserts that the trial court was obligated to appoint counsel because he is indigent.

*FACTS*

The facts most favorable to Lattimore are that he and Heather Amsler resided together but never married. On November 25, 1996, Amsler gave birth to a son, K.L. Lattimore was present at K.L.'s birth and was listed as the boy's father on the birth certificate. Immediately after the birth, Lattimore executed the required documents to establish his paternity of K.L. pursuant to IND.CODE § 16–37–2–2.1.[1] Appellant's brief at 3.

Subsequently, Lattimore was arrested, convicted, and incarcerated in the Pendleton Correctional Facility.[2] Since his incarceration, Lattimore has maintained contact with K.L. through letters and telephone

---

1. Lattimore does not specify the nature of these documents; however, I.C. § 16–37–2–2.1 sets forth the requirements for establishing paternity of a child by executing a paternity affidavit acknowledging that the affiant is the child's biological father.

2. The record does not reveal the offense for which Lattimore was convicted or the length of his sentence. Lattimore simply states that his incarceration is not the result of any crimes against K.L. or Amsler, and that he has "less than 10 years to serve in the cause for which he is imprisoned." Appellant's App. at 14, 15; Appellant's brief at 3.

calls. However, Amsler and Lattimore have failed to reach an agreement establishing regular visitation and contact between Lattimore and K.L., and Amsler has informed Lattimore that she intends to change K.L.'s name.

Consequently, on May 30, 2001, Lattimore filed a petition to set visitation, mail and telephone privileges and to restrict change of K.L.'s name. On the same date, Lattimore also filed a motion for appointment of counsel and a motion to proceed in forma pauperis. The trial court granted Lattimore's motion to proceed in forma pauperis on May 30, 2001. Shortly thereafter, on June 5, 2001, the trial court dismissed Lattimore's petition to set visitation for failure to state a claim upon which relief may be granted, pursuant to T.R. 12(B)(6). The trial court also denied Lattimore's motion for appointment of counsel on the same basis.

Specifically, the trial court found that Lattimore had failed to allege in his petition that he had established paternity of K.L. Instead, Lattimore had merely stated that he "was present during the birth of [K.L.], concedes paternity, and in fact is listed as the child's father on [K.L.'s] birth certificate." Appellant's App. at 14. The trial court also ruled that, if Lattimore has established his paternity of K.L., then the court lacks jurisdiction, as "the proceeding properly belongs in the court which determined the paternity of the child." Appellant's App. at 18. Alternatively, the trial court ruled that, if Lattimore has not established paternity of K.L., he lacks standing to bring the cause of action. Appellant's App. at 18.

Lattimore filed a motion to correct errors on June 15, 2001. In this motion, Lattimore alleged, among other things, that he had established paternity in compliance with I.C. § 16–37–2–2.1. Appellant's App. at 22. The trial court denied

the motion to correct errors on June 18, 2001. Lattimore now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

In reviewing a dismissal premised upon T.R. 12(B)(6), our standard of review is well established. We view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *City of Anderson v. Weatherford,* 714 N.E.2d 181, 184 (Ind.Ct.App.1999). We will not affirm a dismissal under T.R. 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.* This court accepts as true the facts alleged in the pleading. *Id.* Only when the pleading states a set of facts, which, even if true, would not support the relief requested, will we affirm the trial court's dismissal. *Id.*

### II. Lattimore's Claims

Lattimore first contends that the trial court erred in dismissing his *pro se* petition to set visitation and restrict change of his child's name on the basis that he failed to allege that he had established paternity of K.L. Specifically, Lattimore claims that the facts alleged in his petition—that he "concedes" paternity of K.L., was present during K.L.'s birth, is listed as the boy's father on the birth certificate, and has maintained extensive contact with him—are sufficient to avoid T.R. 12(B)(6) dismissal. Appellant's brief at 10.

In addressing Lattimore's claim, we note that, while he did not expressly state that he had established paternity of K.L. in his original petition, in his subsequent pleading he stated that he had executed the documentation necessary to es-

tablish his paternity pursuant to I.C. § 16–37–2–2.1. Appellant's App. at 22. That statute prescribes a procedure under which a mother and a man who "reasonably appears to be the child's biological father," are provided an opportunity to execute an affidavit shortly after the birth of a child born out of wedlock, which acknowledges the man's paternity of that child. I.C. § 16–37–2–2.1. The execution of a paternity affidavit is one of two exclusive ways of establishing paternity and "gives rise to parental rights and responsibilities." I.C. §§ 16–37–2–2.1(g)(1) and 31–14–2–1.[3] Because Lattimore alleged facts indicating that he had established paternity of K.L., the trial court erred in dismissing his petition on T.R. 12(B)(6) grounds. Moreover, because Lattimore allegedly established paternity by executing a paternity affidavit rather than bringing a legal action under I.C. § 31–14, the trial court does not lack jurisdiction in this matter.

■ Having determined that Lattimore successfully set forth a claim, we now turn to his contention that the trial court erred in failing to appoint counsel to assist him in his cause of action. Specifically, Lattimore asserts that the trial court was obligated to appoint counsel pursuant to I.C. § 34–10–1–2 (the pauper counsel statute) because he was indigent.

■ The "pauper counsel statute creates an independent right to counsel for indigent litigants." *Holmes v. Jones*, 719 N.E.2d 843, 846 (Ind.Ct.App.1999) (interpreting the former I.C. § 34–1–1–3, now recodified at I.C. §§ 34–10–1–1 and 2). Specifically, the pauper counsel statute provides that once a court is satisfied that a litigant is indigent, it "*shall* admit the

applicant to prosecute or defend as an indigent person and assign an attorney to defend or prosecute the cause" without taking payment from the indigent person. I.C. § 34–10–1–2 (emphasis supplied). "[T]rial courts have no discretion to deny a request for court-appointed counsel once a litigant's indigence has been established." *Holmes*, 719 N.E.2d at 847.

Here, the trial court found that Lattimore was indigent and granted him waiver of filing fees and court costs. Appellant's App. at 17. Once it determined Lattimore's indigency, the trial court was required to grant his motion for court-appointed counsel. *See* I.C. § 34–10–1–2; *Holmes*, 719 N.E.2d at 847. Thus, the trial court erred.

Judgment reversed and remanded for further proceedings consistent with this opinion.

FRIEDLANDER, J., and ROBB, J., concur.

---

**3.** I.C. § 31–14–2–1 provides that a man's paternity may only be established by an action under I.C. § 31–14 or by executing a paterni-

ty affidavit in accordance with I.C. § 31–14–2–2.1.