AMERITECH PUBLISHING, INC., and
Indiana Bell Telephone Co.,
Appellants–Defendants,

v.

Mark STRACHAN d/b/a American
Muffler and Brake West,
Appellee–Plaintiff.

No. 49A05–0204–CV–167.

Court of Appeals of Indiana.

Feb. 18, 2003.

Rehearing Denied April 9, 2003.

Michael R. Fruehwald, Barnes & Thornburg, Indianapolis, IN, Attorneys for Appellant Indiana Bell Telephone Co.

Andrew W. Hull, Alice McKenzie Morical, Hoover Hull Baker & Heath LLP, Indianapolis, IN, Attorneys for Appellant Ameritech Publishing, Inc.

Peter S. Kovacs, Mary F. Schmid, Stewart & Irwin, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

KIRSCH, Judge.

Indiana Bell Telephone Co. ("Indiana Bell") and Ameritech Publishing, Inc. ("Ameritech") appeal the trial court's denial of their motions to dismiss the suit filed against them by Mark Strachan d/b/a American Muffler and Brake West ("American Muffler"), raising several issues, one of which we find dispositive:

> Whether a telephone service provider or a company that bills through it may be held liable under tort law when the utility disconnects a customer's service for non-payment of the billed item when the utility's tariff allows disconnection under the circumstances.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Indiana Bell provides telephone service to residential and commercial customers in Indiana. The provision of this service is governed by the terms and conditions contained in a tariff filed with the Indiana Utility Regulatory Commission ("IURC"). Ameritech publishes and distributes the Yellow Pages telephone directory. Ameritech and Indiana Bell entered into a collection agreement, under which Indiana Bell invoices customers for advertising in Ameritech directories in installments on their bills for monthly telephone service and pursues collection efforts on Ameritech's behalf.

American Muffler, a car repair business, received its telephone service from Indiana Bell. In addition, it purchased an advertisement in the Yellow Pages directory from Ameritech. American Muffler paid for its monthly telephone service, but did not pay the total amount due for its Yellow Pages advertisement. Indiana Bell disconnected its telephone service as a consequence.

American Muffler brought suit against Ameritech for breach of contract and tortious interference with contractual relations and against both Ameritech and Indiana Bell for tortious interference with prospective business and contractual relations. Ameritech and Indiana Bell moved to dismiss American Muffler's suit, and the trial court denied the motions. The trial court certified its orders for interlocutory appeal, and this court accepted jurisdiction of the appeals pursuant to Ind. Appellate Rule 14(B).

## DISCUSSION AND DECISION

■ Indiana Bell and Ameritech contend that the trial court erred in denying their motions to dismiss. When reviewing an Ind. Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we accept as true the facts as alleged in the complaint. *City of Anderson v. Weatherford*, 714 N.E.2d 181, 184 (Ind.Ct.App.1999), *trans. denied.* We examine the legal sufficiency of the complaint, viewing the pleadings in the light most favorable to the non-moving party and drawing every reasonable inference in favor of that party. *Am. Dry Cleaning & Laundry v. State*, 725 N.E.2d 96, 98 (Ind.Ct.App.2000); *City of Anderson*, 714 N.E.2d at 184. We will affirm the denial of a T.R. 12(B)(6) motion unless it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Am. Dry Cleaning*, 725 N.E.2d at 98; *City of Anderson*, 714 N.E.2d at 184. Furthermore, in determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Am. Dry Cleaning*, 725 N.E.2d at 98. In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* Indiana Bell and Ameritech argue that they may not incur liability for damages for disconnecting telephone service to American Muffler where disconnection was authorized by Indiana Bell's tariff. American Muffler responds that Yellow Pages advertising is not covered by the tariff.

■ The legislature has delegated the responsibility of regulating public utilities to the IURC. *See* IC 8–1–1–2. The purpose of the IURC is to insure that public utilities provide constant, reliable, and efficient service to their customers. *Indiana Bell Tel. Co., Inc. v. Indiana Util. Regulatory Comm'n*, 715 N.E.2d 351, 354 n. 3 (Ind.1999); *Prior v. GTE North Inc.*, 681 N.E.2d 768, 774 (Ind.Ct.App.1997), *trans. denied.*

■ To enable the IURC to carry out its responsibilities, the legislature con-

ferred upon the IURC the power to "formulate rules necessary or appropriate to carry out the provisions of [this] chapter." *Prior*, 681 N.E.2d at 774 (quoting IC 8–1–1–3(g)). Pursuant to this power, the IURC created regulations which require telephone utilities to maintain a tariff on file with it. *Id.* The tariff governs the relations between a utility and its customers, *see id.*, and describes the written schedule of rates, charges, and relevant rules and regulations in force at a given time that a utility is required to file with the IURC. *Airco Indus. Gases v. Indiana Michigan Power Co.*, 614 N.E.2d 951, 952 n. 1 (Ind.Ct.App.1993).

A regulation within the authority granted the IURC by the legislature has the effect of law. *Whitley County Rural Elec. Membership Corp. v. Lippincott*, 493 N.E.2d 1323, 1327 (Ind.Ct.App.1986) (referring to Public Service Commission, IURC's predecessor agency). The legislature's grant of authority to the IURC to establish rules and regulations for the termination of utility service is exclusive. *Id.* A trial court cannot create new or different rules for such termination on its own. *Id.*

In this case, paragraph 2(A) of Indiana Bell's tariff explains the circumstances under which it can cancel a customer's telephone service without advance notice. Those circumstances include tampering with equipment, the existence of hazardous conditions, and fraudulent or unauthorized use, among others. Subsection (8) provides that Indiana Bell may discontinue a customer's telephone service for "non-payment of any delinquent sum owed by a business service customer. This sum may include charges for service and equipment billed by, but not furnished by [Indiana Bell]." *Appellant Indiana Bell's Appendix* at 55.

American Muffler's complaint states that Indiana Bell bills for the service of Yellow Pages advertising provided by Ameritech. Thus, the tariff approved by the IURC, the agency charged with regulating public utilities, explicitly permits Indiana Bell to disconnect American Muffler's telephone service for American Muffler's failure to pay for its Yellow Pages advertisement. American Muffler's argument that the tariff does not apply to this case asks us to ignore the last sentence of subsection (8). The IURC plainly approved Indiana Bell's practice of disconnecting telephone service for non-payment of other items besides the telephone service itself.

American Muffler's arguments on appeal ask us to revisit a question already settled by the IURC when it approved Indiana Bell's tariff. One could argue that as a matter of policy, a telephone service provider should not be permitted to disconnect a customer's telephone service for non-payment of items other than the telephone service itself. However, the IURC has already made the determination that this conduct is permitted. Regardless of how it titles its claim, American Muffler may not circumvent the application of the tariff by means of a tort claim, and the plaintiffs cannot be subject to liability for acts done in conformance with the tariff approved by the IURC. *See also Lippincott*, 493 N.E.2d at 1327 (Ind.Ct.App.1986) (PSC's [IURC's predecessor] rules and regulations were binding and controlling). The facts alleged in American Muffler's complaint fail to state a claim upon which relief can be granted. The trial court erred in denying the motions to dismiss.

Reversed.

BROOK, C.J., and DARDEN, J., concur.