SMITH, D.B.A. PATTON-SMITH ELECTRIC COMPANY, *v.* DUGAN & MEYERS CONSTRUCTION COMPANY, INC. ET AL.

(No. 83-CV-0629—Decided February 7, 1984.)

Court of Common Pleas of Clermont County.

*Joseph G. Carroll,* for plaintiff.
*James R. Marlow,* for defendant.

RINGLAND, J. The complaint was filed by plaintiff, Jack E. Smith, d.b.a. Patton-Smith Electric Company, on August 31, 1983. Defendant Dugan & Meyers Construction Company, Inc. filed a motion to dismiss under Civ. R. 12(B)(1) and (6) on October 24, 1983. The motion to dismiss came on for hearing on December 13, 1983.

Defendant Dugan & Meyers asserts that it is entitled to be dismissed from the lawsuit under Civ. R. 12(B)(1), the court lacking jurisdiction of the subject matter, and under Civ. R. 12(B)(6) for plaintiff's failure to state a cause of action against it. Defendant argues that because the parties, defendant as contractor and plaintiff as subcontractor, had entered into a written agreement providing for arbitration for decision on all claims, disputes and other matters relating to the subcontract "in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the [Contractor] * * *," that contract requiring "arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association * * *," defendant is entitled to be dismissed from the lawsuit pending.

The pertinent portion of the Ohio Arbitration Act, R.C. 2711.02, provides as follows:

"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Defendant cites several Ohio decisions for the proposition that courts will defer to the arbitration process where the parties have so elected by contract. In *Fred R. Jones Co.* v. *Fath* (1920), 101 Ohio St. 47, the court found that where parties to a building or construction contract agree to abide by the decision of a supervising engineer or architect as arbiter in dispute resolution, the decision of the supervisor as arbiter is binding as the parties have so contracted.

In *Brennan* v. *Brennan* (1955), 164 Ohio St. 29 [57 O.O. 71], the court held in construing a contract calling for the determination of the value of a business concern by an accountant as arbiter, that there was no ambiguity in the contract, so that the determination of value made by the arbiter is final and conclusive so long as the arbiter's determination was done in accordance with the contract.

In *Campbell* v. *Automatic Die & Prods. Co.* (1954), 162 Ohio St. 321 [55 O.O. 195], the court citing *Corrigan* v. *Rockefeller* (1902), 67 Ohio St. 354, in construing a contract providing for dispute resolution by arbitration, reiterated the policy of law to favor and encourage arbitration. Additionally, an Ohio Court of Appeals, citing *Brennan, Campbell,* and *Fred R. Jones Co., supra,* found that a contract to arbitrate disputes under the Ohio Arbitration Act, R.C. Chapter 2711, is irrevocable and enforceable with respect to arbitrability of future issues arising under a contract.

Plaintiff, in its memorandum in opposition to the motion to dismiss, asserts impliedly that because it was not a party to the contract between defendant Dugan & Meyers (contractor) and co-defendants Julifs (owners), and was never apprised of its provisions, that it is not bound by the provision for arbitration in accordance with construction industry rules. Plaintiff further argues it will be disadvantaged by having to bear the expense of arbitration as well as litigation on the lawsuit. Plaintiff submits that should the court find that the matter is properly addressed in arbitration, however, pursuant to the procedure under R.C. 2711.03, the court should follow the reference to arbitration in the contract rather than dismissal under Civ. R. 12.

The arbitration clause in the contract is not ambiguous or vague, but sets forth clearly that disputes shall be resolved through arbitration.

The court finds plaintiff's argument, that it is not bound by the subcontract provision for arbitration because it was not apprised of the contents of the owner-contractor's contract requiring arbitration, not well-taken. Certainly it may be said that plaintiff is chargeable with knowledge of the contents of the owner-contractor agreement, and by the wording of its own subcontract is bound to have had notice of the contract's provisions requiring arbitration for dispute resolution.

However, the court finds the defendant's motion to dismiss not well-taken inasmuch as the Ohio Arbitration Act, R.C. 2711.02 and 2711.03, provides that a court shall stay the proceeding rather than dismiss the action upon a determination that the issue involved in the suit is referable to arbitration under an agreement in writing. The court reiterates the general rule that courts defer to arbitration procedures where parties have selected arbitration for dispute resolution by way of written agreement. Thus, plaintiff's claim against Dugan & Meyers shall be referred to arbitration in accordance with the contract between the parties; and the action shall be stayed until such time as such arbitration has been held in accordance with the contract as per R.C. 2711.02.

*Motion to dismiss denied.*