**INDIANA CPA SOCIETY, INC.,**
Appellant–Plaintiff,

v.

**GOMEMBERS, INC., Appellee–**
**Defendant.**

No. 49A04–0205–CV–214.

Court of Appeals of Indiana.

Oct. 30, 2002.

Kent M. Frandsen, Parr, Richey, Obremskey & Morton, Lebanon, IN, Attorney for Appellant.

Robert C. Bruner, Paul A. Logan, Bruner & Traylor, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Indiana CPA Society, Inc. ("Society") appeals the trial court's dismissal of its action against GoMembers, Inc. in its claim for breach of contract, arguing that the contractual term requiring the parties to submit any grievances to arbitration does not preclude it from filing suit and that the cause should be stayed rather than dismissed pending arbitration. GoMembers counterclaims for appellate attorney's fees, contending that Society's appeal is frivolous and taken in bad faith.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Society and GoMembers entered into a contract for GoMembers to design an e-commerce function for Society's web site. The parties' contract contained a clause requiring the parties to submit any complaints to arbitration for resolution and provides: "Disputes under this Agreement shall be submitted to binding arbitration in accordance with the procedures of the American Arbitration Association." *Appellant's Appendix* at 12. Without submitting the dispute to arbitration, Society filed suit for breach of contract in the Marion Superior Court. GoMembers filed a motion to dismiss, arguing that the arbitration clause removed the controversy from the court's jurisdiction and that Society's complaint failed to state a claim.

The trial court granted GoMembers' motion to dismiss. Society now appeals.

### DISCUSSION AND DECISION

Society contends that the trial court erred in granting GoMembers' motion to dismiss. GoMembers' motion was based on Ind. Trial Rule 12(B)(1) and (6) and urged dismissal based on the trial court's lack of subject matter jurisdiction and the failure of Society's complaint to state a claim upon which relief could be granted.

The parties first debate whether the law of Indiana or Illinois applies to the present controversy. The parties' contract contained a clause which stated that the substantive law of Illinois governed the "construction, interpretation and performance" of the contract. *Appellant's Appendix* at 15. However, the instant controversy does not require the construction or

interpretation of the parties' contract. Rather, we are called upon to determine whether Society's suit should be dismissed or stayed. Laws which merely prescribe the manner in which individual rights and responsibilities may be exercised and enforced in a court are procedural. *Mounts v. State,* 496 N.E.2d 37, 39 (Ind.1986). Because this controversy may be resolved by procedural law without resort to substantive law, the contractual provision does not govern this dispute, and we apply Indiana law. *Ashley v. State,* 757 N.E.2d 1037, 1040 (Ind.Ct.App.2001) (noting that procedural and remedial matters are governed by law of forum state).

GoMembers argues that the trial court was required to dismiss Society's action under T.R.12(B)(1) because it lacked subject matter jurisdiction. However, in *JKL Components Corp. v. Insul–Reps, Inc.,* 596 N.E.2d 945, 948–49 (Ind.Ct.App.1992), *trans. denied,* this court held that an Indiana court of general jurisdiction had subject matter jurisdiction over a breach of contract action between two parties whose contract contained an arbitration clause, even when the plaintiff had not submitted to arbitration prior to filing suit.

Likewise, here the Marion Superior Court, a court of general jurisdiction, had subject matter jurisdiction over a breach of contract action between Society and GoMembers, even though the parties' contract contained an arbitration clause and Society did not submit its complaint to arbitration prior to filing its action.

■ Society argues that the trial court erred in granting GoMembers' motion to dismiss under T.R. 12(B)(6). When reviewing a T.R.12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we accept as true the facts as alleged in the complaint. *City of Anderson v. Weatherford,* 714 N.E.2d 181, 184 (Ind.Ct.App.1999), *trans. denied.*

A T.R. 12(B)(6) motion to dismiss tests the legal sufficiency of the complaint. *Id.* When reviewing such a motion, we view the pleadings in the light most favorable to the non-moving party and draw every reasonable inference in favor of that party. *Id.* We will affirm the denial of a T.R. 12(B)(6) motion unless it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

■ Indiana recognizes a strong policy favoring enforcement of arbitration agreements. *Homes By Pate, Inc. v. DeHaan,* 713 N.E.2d 303, 306 (Ind.Ct.App.1999); *Chesterfield Mgmt., Inc. v. Cook,* 655 N.E.2d 98, 101–02 (Ind.Ct.App.1995), *trans. denied* (1996). Once satisfied that the parties contracted to submit their disputes to arbitration, the court is required by statute to compel arbitration. *Homes By Pate, Inc.,* 713 N.E.2d at 306 (citing IC 34–57–2–3(a)). However, the statute does not specify the proper disposition of the litigation upon such a determination. Society argues that the trial court erred in dismissing its case because the proper remedy was to stay the proceedings pending arbitration.

This case presents an issue of first impression in Indiana. Courts analyzing this issue in other jurisdictions generally take one of two analytical approaches. Exemplary of the first approach is *Shribman v. Miller,* 60 N.J.Super. 182, 158 A.2d 432 (1960), where the court evaluated whether it should stay the plaintiff's action pending submission of the disputed matters to arbitration. In that case, a state statute explained that if an action is brought, and the court finds that the issue is referable to arbitration, it should stay the action pending the outcome of the arbitration. *Id.*

The court examined the common law regarding arbitration and noted that contractual arbitration clauses can be, but are not necessarily, conditions precedent to a resort to court actions. The court concluded that if the contractual term was phrased as a condition precedent to suit, then dismissal is the proper remedy for a suit filed prior to arbitration. Alternatively, if the contract provides for arbitration but does not make it a condition precedent, then a stay of litigation pending arbitration is the appropriate remedy. The court explained that condition precedent language would include an expression that "the parties may not resort to the courts for the resolution of those disputes, unless and until the submission of the disputes to arbitration, and the determination thereof by the arbitration." *Id.* at 438. By comparison, "where the covenant to arbitrate future disputes arising under an executory contract merely provides that any and all such disputes shall be submitted to arbitration and determined thereby, but does not say in effect and in substance that 'no suit shall be brought in the courts until after arbitration,' or 'no suit shall be brought in the courts, except to enforce an award made by the arbitrators', then it is held that the covenant is not a condition precedent to 'a resort to the courts.'" *Id.* at 438. *See also Smith v. Dugan & Meyers Constr. Co.,* 18 Ohio Misc.2d 5, 480 N.E.2d 830 (Common Pleas 1984) (holding that the proper remedy for a failure to arbitrate an issue referable to arbitration was a stay rather than dismissal based on statute).

In *Charles J. Rounds Co. v. Joint Council of Teamsters,* 4 Cal.3d 888, 95 Cal.Rptr. 53, 484 P.2d 1397 (1971), another court took a second approach when the issue in controversy should have been referred to arbitration. It examined the issue of whether the pending litigation should have been dismissed or stayed pending the outcome of the arbitration. The court referred to a United States Supreme Court opinion, *Transcontinental & Western Air v. Koppal,* 345 U.S. 653, 660, 73 S.Ct. 906, 97 L.Ed. 1325 (1953), in which the Court characterized contractual arbitration in a railway worker's employment contract as "an administrative remedy that must be exhausted before seeking judicial relief." *Charles J. Rounds Co.,* 95 Cal.Rptr. 53, 484 P.2d at 1401. However, California also had at that time a statute analogous to the New Jersey statute. The court concluded as follows:

"where the only issue litigated is covered by the arbitration clause, and where plaintiff has not first pursued or attempted to pursue his arbitration remedy, it should be held that (1) plaintiff has impliedly waived his right to arbitrate, such that defendant could elect to submit the matter to the jurisdiction of the court; (2) defendant may also elect to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies; and (3) defendant may also elect to move for a stay of proceedings pending arbitration if defendant also moves to compel arbitration. Plaintiff may of course sue preliminarily to enforce its arbitration rights.

Where plaintiff has attempted to exhaust its arbitration remedy or raises issues not susceptible to arbitration or not covered by the arbitration agreement, defendant may not merely assert failure to arbitrate an issue as an affirmative defense; a stay rather than dismissal of the suit is then proper. Defendant must therefore demand arbitration if it seeks such a stay."

*Id.* at 1404. *See also Drake Bakeries, Inc. v. Local 50, Am. Bakery and Confectionery Workers Intern., AFL–CIO,* 370 U.S. 254, 264–65, 82 S.Ct. 1346, 1352, 8 L.Ed.2d

474 (1962) (referring to cases in which disputes have been held arbitrable; noting those suits were stayed pending arbitration); *The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 44–45, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944) (relying on Federal Arbitration Act, discussing granting of stay when ordering parties to arbitration).

Finally, one court noted the relative practical insignificance of dismissing as opposed to staying the litigation. In *Pine Gravel, Inc. v. Cianchette*, 128 N.H. 460, 514 A.2d 1282 (1986), the court concluded that the trial court did not err in dismissing an action, rather than granting a stay where the parties' dispute was arbitrable. However, it noted that the dismissal without prejudice had the same effect as a stay and seemed to conclude that either was acceptable. *See State v. Algernon Blair*, 415 So.2d 612, 614 (La.Ct.App.1982) (failure of party to arbitrate may be raised by demanding dismissal or by moving to stay proceedings pending arbitration).

We note that on past occasions, Indiana courts have both stayed and dismissed litigation under such circumstances without explaining why that course was appropriate. *Compare Albright v. Edward D. Jones & Co.*, 571 N.E.2d 1329, 1334 (Ind. Ct.App.1991), *trans. denied* (1992), *cert. denied*, 506 U.S. 818, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992) (trial court stayed pending litigation and compelled arbitration) *with Northwestern Mut. Life Ins. Co. v. Stinnett*, 698 N.E.2d 339, 343 (Ind.Ct.App. 1998) (holding that trial court erred in denying motion to dismiss where issue was arbitrable) *and Wilson Fertilizer & Grain, Inc. v. ADM Mill. Co.*, 654 N.E.2d 848, 849 (Ind.Ct.App.1995), *trans. denied* (1996) (affirming trial court's order dismissing action and ordering parties to arbitration).

Both of the analytical approaches developed by other courts have merit and may in fact often lead to the same result. However, we find that a superior resolution is to allow trial courts to exercise their discretion to either stay or dismiss litigation based on the nature of the contested issues that should first be submitted to arbitration. By utilizing this discretion, courts may examine the facts and circumstances of each case to determine the most prudent course of action. Factors which the trial court may wish to consider include whether court intervention will be necessary to compel discovery, whether the arbitration award will be enforced through the court, whether the entire controversy is arbitrable, which state's substantive law will be applicable to the controversy, and the location of the parties and the evidence.

Here, the trial court did not abuse its discretion in dismissing the litigation. The controversy between the parties was based on their contract and therefore arbitrable. Society concedes that it "does not anticipate the trial court having any involvement with this arbitration. [The trial court] should not have to oversee the conduct of the proceeding in any way." *Appellant's Appendix* at 9. Moreover, the choice of law provision of the contract provides that Illinois law controls in any disputes. Therefore, a court enforcing an arbitration award may have to apply Illinois law. Under these circumstances, we hold that the trial court acted within its discretion in dismissing Society's action.

GoMembers contends that it is entitled to attorney's fees under Ind. Appellate Rule 67 because Society's appeal is brought in bad faith for the purpose of harassment.[1] Indiana Appellate Rule 67

---

**1.** Ind. Appellate Rule 66(E) states that this court may assess damages if an appeal is

provides for the assessment of costs on appeal. *Commercial Coin Laundry Systems v. Enneking*, 766 N.E.2d 433, 442 (Ind.Ct.App.2002). "Costs" include the filing fee, the cost of preparing the Record on Appeal, postage, and "additional items as permitted by law." Ind. Appellate Rule 67(B). This includes attorney's fees. *Commercial Coin*, 766 N.E.2d at 442. An award of costs under this rule is discretionary and may be ordered when an appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Id.*

 Although the rule provides this court with discretionary authority to award damages in favor of the appellee when we affirm the judgment, we must use extreme restraint when exercising our discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal. *Tioga Pines Living Ctr.*, 760 N.E.2d at 1087. A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Id.*

Indiana appellate courts have classified claims for appellate attorney fees into substantive and procedural bad faith claims. *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind.Ct.App.2001). Here, GoMembers argues both substantive and procedural bad faith.

 Procedural bad faith occurs when a party flagrantly disregards the requirements of the appellate rules, omits and misstates relevant facts appearing in the record, and files briefs calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* Even if the appellant's conduct falls short of deliberate action, procedural bad faith can still be shown. *Id.*

Here, GoMembers points to shortcomings in Society's brief and argues that Society misrepresented the holdings of precedential cases. However, we do not find these flaws to be so flagrant or significant as to taint the appeal as vexatious. We decline to find procedural bad faith that would warrant the imposition of attorney's fees.

 To prevail on a substantive bad faith claim, the party must show that the appellants' contentions and argument are utterly devoid of all plausibility. *Id.* GoMembers maintains that Society ignored the language of the contract and subjected GoMembers to litigation, a risk it specifically contracted to avoid. It further argues that Society ignored statutory requirements to avoid dismissal of its case.

Here, we find that an award of appellate attorney's fees would be inappropriate. Both parties concede that no Indiana court has ruled on this issue and that it is therefore a matter of first impression. Both parties' positions are consistent with reasonable advocacy grounded in established

frivolous or in bad faith. The award of damages is within this court's discretion and may include attorney's fees. App. R. 66(E). Case law interpreting this rule explains that this court may award appellate attorney fees when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Tioga Pines Living Center, Inc. v. Indiana Family & Soc. Servs. Admin.*, 760 N.E.2d 1080, 1087 (Ind.Ct.App.

2001). Thus, the standard for the award of attorney's fees under App. R 66(E) and App. R. 67 appear to be the same, and we employ case law referring to both here.

 Although few cases interpret new App. R. 66(E), the comment to App. R. 66 explains that it is analogous to former Ind. Appellate Rule 15. Accordingly, this court may look to cases relying on and interpreting the former rule for guidance.

legal principles. Society's claims are certainly not utterly devoid of all plausibility.

Affirmed.

BROOK, C.J., and DARDEN, J., concur.