**SIMON PROPERTY GROUP, L.P., and Simon Property Group (Illinois), L.P., Appellants–Plaintiffs,**

v.

**ACTON ENTERPRISES, INC., Appellee–Defendant.**

No. 10A04–0409–CV–497.

Court of Appeals of Indiana.

May 31, 2005.

Richard M. Giesel, Gaston Cavanaugh & Giesel, Indianapolis, IN, Attorney for Appellants.

C. Gilmore Dutton, III, C. Gilmore Dutton III & Associates, Shelbyville, KY, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs Simon Property Group, L.P. and Simon Property Group Illinois, L.P. (collectively, "Simon") appeals a certified interlocutory order denying its motion for summary judgment against Appellee–Defendant Acton Enterprises, Inc. ("Acton"). We affirm.

### Issues

Simon presents three issues, which we consolidate and restate as the following two issues:

I. Whether the trial court erroneously denied Simon's motion to strike Acton's response to Simon's summary judgment motion because the response was untimely and the trial court lacked discretion to extend the applicable time limitation; and

II. Whether Simon is entitled to summary judgment on its breach of contract complaint for rent, attorney fees and prejudgment interest.

### Facts and Procedural History

Simon is the owner of real property in Northwood, Ohio commonly known as Woodview Mall, real property in Machesney Park, Illinois commonly known as Machesney Park Mall and real property in Toledo, Ohio commonly known as North Towne Square. Acton is an Indiana corporation engaged in the business of retail sales of shoes and sporting goods.

On August 3, 1998, Acton executed a ten-year lease of premises in Maches-ney Park Mall and a ten-year lease of premises in North Towne Mall, for the operation of a Shoe Sensation store and a Sports Sensation store, respectively. On August 18, 1998, Acton executed a ten-year lease of premises in Woodville Mall and a ten-year lease of premises in Machesney Park Mall, for the operation of Sports Sensation stores. The leases, which contained mutual covenants, were to be governed by the substantive laws of the states in which the leased premises were located.[1]

Acton vacated each of the malls before the expiration of the ten-year leases. On November 5, 2001, Simon filed its complaint in the Clark Circuit Court of Indiana. Therein, Simon alleged that Acton breached each of the four leases by failing to pay rent and other amounts due. On December 26, 2001, Acton filed its Answer and Counterclaim. Therein, Acton admitted the leases were executed, but denied its alleged default, and asserted various affirmative defenses. In its counterclaim against Simon, Acton alleged that Simon induced Acton to enter into the leases by making false representations as to the economic viability of the malls and further, that Simon failed to perform its contractual duties (including providing appropriate security).

On October 25, 2002, Simon filed its Motion for Judgment on the Pleadings and for Preliminary Determinations with supporting memorandum and exhibits. In its motion, Simon averred that, as to the counterclaim, there were no genuine issues of material fact and Simon was entitled to judgment.[2] Acton was granted additional

---

1. A contract provision that an agreement is to be governed by the law of another state operates only as to the substantive law of that state, and the procedural law of the forum state applies to procedural issues. *Indiana CPA Society, Inc. v. GoMembers, Inc.,* 777 N.E.2d 747, 749–50 (Ind.Ct.App.2002). Laws that merely prescribe the manner in which individual rights and responsibilities may be exercised and enforced in a court are procedural. *Id.* at 750.

2. Indiana Trial Rule 12(C) provides in pertinent part: "If, on a motion for judgment on the pleadings, matters outside the pleadings

time to respond and, on December 6, 2002, filed a response, memorandum and exhibits in opposition to summary judgment. On April 25, 2003, Simon filed a supplemental memorandum and, on June 3, 2003, Acton filed a supplemental response. On August 13, 2003, the trial court granted Simon summary judgment on the counterclaim and directed the entry of final judgment. Acton did not appeal the partial summary judgment.

On April 13, 2004, Simon filed a motion for summary judgment on its claim against Acton. On May 26, 2004, Acton filed its response. On June 4, 2004, Simon moved to strike Acton's response. On July 12, 2004, the trial court conducted a hearing, at which Acton verbally requested an extension of time to respond to Simon's summary judgment motion. On July 20, 2004, the trial court denied Simon's motion to strike and motion for summary judgment, implicitly granting Acton's request for an extension of time. On August 25, 2004, the trial court certified its order for interlocutory appeal. This Court accepted jurisdiction of the interlocutory appeal on November 8, 2004.

### Discussion and Decision

#### I. *Motion to Strike Acton's Summary Judgment Response*

##### A. *Standard of Review*

■ Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. On review of a trial court's grant or denial of summary judgment, this Court applies the same standard as the trial court. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 705 (Ind.Ct.

App.1999). We must determine whether there is a genuine issue of material fact requiring trial, and whether the moving party is entitled to judgment as a matter of law. *Id.* Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Id.; see also* Ind. Trial Rule 56(C), (H).

A party seeking summary judgment bears the burden to make a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *Am. Mgmt., Inc. v. MIF Realty L.P.*, 666 N.E.2d 424, 428 (Ind.Ct.App.1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the nonmoving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.* The court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmovant, and resolve all doubts against the moving party. *Shambaugh & Son, Inc. v. Carlisle*, 763 N.E.2d 459, 461 (Ind.2002).

■ On appeal, we will assess the trial court's decision to ensure that the parties were not improperly denied their day in court. *Id.* A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Cansler v. Mills*, 765 N.E.2d 698, 701 (Ind.Ct.App. 2002), *trans. denied.*

##### B. *Analysis*

Simon contends that the trial court could not properly consider Acton's summary

---

are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provid-

ed in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

judgment response and designation of May 26, 2004, because it was filed more than thirty days after Simon's motion for summary judgment, and that the trial court was without discretion to extend the time for response and so should have granted Simon's motion to strike.

 If a trial court finds good cause, it may alter any time limit set forth in Trial Rule 56 and the trial court's decision to permit belated filing of summary judgment materials is reviewed for an abuse of discretion.[3] *Turner v. Board of Aviation Comm'rs*, 743 N.E.2d 1153, 1159 (Ind.Ct. App.2001), *trans. denied*. However, in some circumstances, the trial court lacks discretion to extend the time for filing summary judgment responses and materials, as explained by our Supreme Court in *Borsuk v. Town of St. John*, 820 N.E.2d 118 (Ind.2005):

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30–day period. *Desai v. Croy*, 805 N.E.2d 844, 848–49 (Ind.Ct.App.2004). Since this affidavit was untimely filed, the trial court improperly admitted it into evidence. Even further, since the 30–day period lapsed with no filings, the trial court should not have admitted any of the Town's subsequent briefs or affidavits.

820 N.E.2d at 123, n. 5.

Acton acknowledges the lack of discretion with respect to untimely summary judgment responses discussed in *Borsuk* and *Desai*, but claims it timely responded to Simon's motion for judgment on the pleadings, converted to a summary judgment motion, and thus the trial court may consider materials designated in its initial response; specifically, the deposition of Michael Bernard, Acton's chief executive officer, and may also consider subsequently filed materials. Acton relies upon *Justice v. Clark Memorial Hospital*, 718 N.E.2d 1217 (Ind.Ct.App.1999), *trans. denied*, wherein this Court examined the time limitation set forth in Indiana Trial Rule 56(C) in the context of successive motions for summary judgment. This Court determined that a party opposing successive motions for summary judgment was not required to re-designate its evidence, stating in pertinent part, "As long as a trial court is aware of the materials a party relies upon in opposition to a motion for summary judgment, the designation requirement is met." *Id.* at 1219 n. 2.

In response, Simon argues that its motions for summary judgment may not be considered successive motions because its initial motion was only targeted toward the counterclaim. The record reflects that Simon designated its motion for judgment on the pleadings, which was substantively a motion for summary judgment, as an attack only upon the counterclaim. Thus, we are not presented with circumstances identical to those considered in *Justice*. However, the circumstances are also unlike those of *Borsuk* and *Desai* because Simon filed successive motions, albeit one for partial summary judgment.

 In deciding whether the trial court properly treated Simon's filings as successive summary judgment motions, and as a corollary, treated Acton's responses as successive, we are mindful that

3. Effective January 1, 2005, Trial Rule 56(I) provides: "For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit."

summary judgment is a lethal weapon generally disfavored as an alternative to trial. *PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705, 713 (Ind.Ct.App.2004), *trans. denied.* Moreover, the circumstances were not such that a party wholly failed to defend against summary judgment until the applicable time period for response had lapsed and then belatedly presented new factual opposition to the trial court. The factual disputes discernable to the trial court from Bernard's deposition, in the context of proceedings on Simon's motion for partial summary judgment, are the same factual disputes relevant to the second motion for summary judgment. The designated portions of Bernard's deposition disclose factual issues with respect to Simon's alleged non-performance of its contractual duties and alleged misrepresentations as inducement to Acton to execute the contracts. The crux of Acton's counterclaim and affirmative defense of failure of consideration was its claim that Simon caused Acton to lease premises in deteriorating malls with promises to take affirmative steps to maintain an appropriate tenant mix, but Simon instead allowed the malls to deteriorate and essential services such as security and snow removal were absent or deficient. The practical effect of granting Simon's motion to strike and disregarding Acton's successive filings would be to allow Simon an abbreviated trial on liability, damages, attorney fees and prejudgment interest without defense from Acton. This is not an appropriate use of Trial Rule 56. *See generally, PSI Energy, Inc.* 801 N.E.2d at 705, 712–13. The trial court, presented with successive motions for summary judgment and materials in opposition to summary judgment, relevant to the same factual circumstances, had discretion to grant Acton additional time to respond to the second summary judgment motion. Inasmuch as Acton's materials were timely, the trial court properly considered them in ruling on the motion for summary judgment.

## II. Denial of Summary Judgment

■ Simon claims it is entitled to summary judgment against Acton in the amount of $57,861.00 for breach of the Woodville Mall lease, $17,543.50 for breach of the North Towne Square lease, $54,017.21 for breach of the Machesney Park Mall Sports Sensation lease, and $25,053.79 for breach of the Machesney Park Mall Shoe Sensation lease, plus prejudgment interest of $8,160.51, $4,957.02, $5,800.98 and $3,216.77, respectively, and attorney fees.[4] The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 908 (Ind.2001). If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.* at 909.

■ Construing the facts in the light most favorable to Acton, the malls in question were in decline when the leases were executed, but Simon represented that the conditions would be improved by the addition of entertainment venues and the addition of anchor stores. Nevertheless, the malls' conditions continued to decline as Simon failed to provide adequate security and necessary services in common areas and abandoned areas. In some cases, over half the mall tenants vacated the premises. Acton concedes that it vacated the premises early and ceased paying rent, but contends Simon leased mall space that was

---

4. The calculations of damages reflect deductions by Simon with respect to its mitigation of damages by re-letting some properties.

essentially worthless. A factfinder could reach different conclusions as to whether Acton owed Simon the full amount of damages claimed, or whether Acton was entitled to offset because of the wrongful acts or omissions of Simon. Even if it appears that the nonmoving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *PSI Energy, Inc.*, 801 N.E.2d at 705, 712. The trial court properly denied Simon's motion for summary judgment.

## Conclusion

The trial court was within its discretion to treat Simon's motions for summary judgment as successive motions, consider summary judgment materials Acton submitted upon the motion for partial summary judgment, and grant Acton an extension of time to submit additional materials in opposition to summary judgment. Moreover, Simon failed to establish the absence of material factual disputes. Acton designated evidence that shows material factual disputes concerning whether Simon caused Acton to vacate the premises.

Affirmed.

KIRSCH, C.J., concurs.

ROBB, J., dissents with separate opinion.

ROBB, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court had discretion under Indiana Trial Rule 56(I) to grant Acton additional time to respond to Simon's second motion for summary judgment.

The principal issue here concerns whether the trial court had the discretion under Trial Rule 56(I) to allow Acton to respond to Simon's second motion for summary

judgment after the thirty day period provided for in Trial Rule 56(C) had elapsed. Trial Rule 56(C) provides in relevant part:

> An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits.... At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto.

We have previously stated that Trial Rule 56(C) is "intended to aid the efficiency of summary judgment proceedings by ensuring that opposing parties, trial courts and appellate courts are not required to search the record in an effort to discern whether genuine issues of material fact exist." *Nobles v. Cartwright*, 659 N.E.2d 1064, 1070 (Ind.Ct.App.1995).

However, Trial Rule 56(I), at the time Simon filed its second motion for summary judgment, provided that a trial court, for cause found, could alter any time limit set forth in Trial Rule 56. In *Desai v. Croy*, 805 N.E.2d 844, 850 (Ind.Ct.App.2004), *trans. denied*, we had the opportunity to consider Trial Rule 56(I), and we stated:

> [W]here a nonmoving party fails to respond within thirty days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit under [Trial] Rule 56(F) indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response under [Trial Rule] 56(I), the trial court lacks discretion to permit that par-

ty to thereafter file a response. In other words, a trial court may exercise discretion and alter time limits under [Trial Rule] 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment.

Effective January 1, 2005, Trial Rule 56(I) was amended and now states, "For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit."

Acton argues that the trial court had the discretion pursuant to Trial Rule 56(I) to allow it to respond to Simon's second motion for summary judgment even though the thirty-day period provided for in Trial Rule 56(C) had elapsed. To support its position, Acton relies upon *Justice v. Clark Mem'l Hosp.*, 718 N.E.2d 1217 (Ind.Ct. App.1999), *trans. denied*. In that case, the hospital filed a motion for summary judgment, and Justice filed a response and a designation of evidence. The trial court denied the hospital's motion for summary judgment. Later, the hospital renewed its motion for summary judgment. Justice failed to respond to this motion or designate any evidence within the thirty days provided for in Trial Rule 56(C), and the trial court granted the hospital's motion. On appeal, the hospital argued that the trial court's order granting summary judgment in its favor should be affirmed because Justice failed to file a timely response to the second motion for summary judgment. We began by noting that "a trial court may properly exclude from its consideration materials filed in response to a motion for summary judgment more than thirty days after the motion." *Id.* at n. 2. Despite that, we declined to affirm the grant of summary judgment in favor of the hospital on that basis "where, as here, the Justices had already designated evidence in response to the Hospital's original motion." *Id.* We concluded that

[a]s long as a trial court is aware of the materials a party relies upon in opposition to a motion for summary judgment, the designation requirement is met. It thus would not further the purpose of the designation provision to require that a party in the position of the Justices continually re-designate its evidence in response to successive motions for summary judgment when it has already offered those materials to the trial court.

*Id.* (citation omitted). Thus, in *Justice*, we determined, as the majority correctly states, that a party opposing successive motions for summary judgment is not required to re-designate its evidence. *Id.*

However, *Justice* is distinguishable. In *Justice*, the key fact was that the hospital's second motion for summary judgment was a renewal of its first motion for summary judgment, to which Justice had already responded and designated evidence. Because the hospital's second motion for summary judgment dealt with the same claim and substantially the same issues, we concluded that it was unnecessary for Justice to re-designate his evidence. Here, although Simon's two motions for summary judgment are successive in the sense that one was filed after the other, Simon's second motion for summary judgment is in no way merely a renewal of its first motion for partial summary judgment. In Simon's first motion for partial summary judgment, Simon argued that it was entitled to summary judgment on Acton's counterclaim. In this motion, Simon contended (1) that it did not breach any of the leases; (2) that, pursuant to a clause in the leases, Acton was not entitled to rely upon any of Simon's representations other than those found within the leases; and (3) that its conduct did not constitute intentional interference with a business relationship.

In Simon's second motion for summary judgment, though, Simon argued that it was entitled to summary judgment on its claim that Acton breached the leases. Simon argued that Acton breached each of the four leases by failing to pay rent, closing its businesses, and vacating the premises. Simon also engaged in an extensive discussion about the various types of damages it was entitled to. Unlike the motions for summary judgment in *Justice,* Simon's motions for summary judgment do not relate to the same claim or address the same issues. Because of this, I believe that if Acton wanted to contest Simon's second motion for summary judgment it could not simply rely upon the evidence it had already designated in response to Simon's first motion for partial summary judgment, and, instead, had to timely submit a new response and designation of evidence specifically tailored to address Simon's second motion for summary judgment. Otherwise, the trial court would be forced to comb through the record in order to determine whether any genuine issues of material fact existed, which is contrary to the purpose of Trial Rule 56(C). *See Nobles,* 659 N.E.2d at 1070.

The majority seems to agree that *Justice* is not directly on point. However, the majority also determined, I believe erroneously, that *Desai* does not apply here because Simon filed successive motions for summary judgment. Op. at 1240. The majority goes on to note that "[t]he factual disputes discernable to the trial court from Bernard's deposition, in the context of proceedings on Simon's motion for partial summary judgment, are the same factual disputes relevant to the second motion for summary judgment." *Id.* at 1240 The majority concludes:

The trial court, presented with successive motions for summary judgment and materials in opposition to summary judgment, relevant to the same factual circumstances, had discretion to grant Acton additional time to respond to the second summary judgment motion. Inasmuch as Action's materials were timely, the trial court properly considered them in ruling on the motion for summary judgment.

*Id.* at 1240. Thus, for the majority, the reason the trial court had the discretion under Trial Rule 56(I) to grant Acton additional time to respond is because Simon filed successive motions for summary judgment that dealt with or involved the same factual circumstances.

I disagree with this rationale. As already stated, Simon's motions for summary judgment are only successive in the sense that one was filed after the other. Simon's second motion for summary judgment is not a renewal of its first motion for partial summary judgment because it deals with different legal claims and legal issues. Simon's motions for summary judgment then are separate and independent motions. Furthermore, it is only natural that both of Simon's motions for summary judgment would address some of the same factual circumstances because both Acton's counterclaim and Simon's claim arose out of the same events. Simon's first motion for partial summary judgment, though, primarily focuses on the facts surrounding Simon's own actions, while Simon's second motion for summary judgment focuses on Acton's actions.

Because Simon's second motion for summary judgment deals with different legal claims and issues from its first motion for partial summary judgment, I see no reason why the rule in *Desai* should not apply here. Pursuant to *Desai,* the trial court only had discretion to alter the time limits under Trial Rule 56(I) if Acton filed a response or sought an extension within thirty days from the date that Simon filed

its second motion for summary judgment. Acton did not file a response or seek an extension within thirty days after Simon filed its second motion for summary judgment. Therefore, the trial court did not have the discretion under Trial Rule 56(I) to grant Acton additional time to respond to Simon's second motion for summary judgment, and the trial court improperly considered Acton's response and designation of evidence when it ruled on Simon's motion. Thus, I would reverse the trial court's order denying Simon's second motion for summary judgment and remand for further proceedings.