**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 20 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SOPHIA J. ARSHAD**
Arshad, Pangere and Warring, LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**BRIAN M. SMITH**
Law Offices of Brian M. Smith, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDWARD GRAVELINE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1201-DR-28 |
| | ) | |
| MELINA (GRAVELINE) PEYOVICH, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George Paras, Judge
The Honorable Michael Sarafin, Magistrate
Cause No. 45C01-0402-DR-95

**November 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The marriage of Edward Graveline (Husband) and Milena Peyovich f/k/a Milena Graveline (Wife) was dissolved in 2006. Approximately five years later, Husband filed an Indiana Trial Rule 60(B) motion for relief from judgment asking the trial court to set aside a judgment entered in Wife's favor as part of the dissolution decree. Husband claimed that relief was warranted because the marital residence, which had been awarded to Husband in the dissolution decree, was sold in 2008 for an amount significantly less than the dissolution court's valuation. The trial court denied the motion as untimely. On appeal, Father contends that the trial court abused its discretion in denying his T.R. 60(B) motion. Mother cross-appeals and requests appellate attorney fees pursuant to Indiana Appellate Rule 66(E). We affirm the trial court and we decline to award appellate attorney fees in this matter.

Wife filed a petition for legal separation from Husband on February 6, 2004, which she subsequently converted to a petition for dissolution of marriage. Pursuant to an agreed provisional order entered on March 8, 2004, the parties were ordered to list the marital residence for sale. On November 2, 2004, the trial court ordered the parties to enter into a listing agreement with a specific realtor and list the marital residence for sale with a price of $620,000 for 90 days. The parties were ordered to accept any offer that came within 2.5% of the listed price.

The parties did not receive any offers to purchase the property for several months. Then, on June 29, 2005, a set of prospective buyers offered to purchase the property for $529,000. Wife accepted the offer, but Husband did not. The prospective buyers made another offer on July 12, 2005, this time raising their offer to $561,750. Wife's counsel sent correspondence to Husband's counsel indicating that Wife wished to accept the offer and

asking for Husband's cooperation, but Husband did not accept the offer. Approximately four months later, a second set of potential buyers offered to purchase the home for $510,000. Again, Wife accepted the offer, but Husband did not.

At the time of the three-day final hearing in the spring of 2006, the home had still not been sold. At the final hearing, the parties submitted appraisals valuing the home from $690,000 down to $560,000. The final decree of dissolution was entered on June 2, 2006, in which the trial court assigned a value of $579,900 to the marital residence, awarded all right and title in the home to Husband, and ordered that Husband would be solely responsible for the payment of the mortgage. The trial court determined that, after payment of the mortgage, liens, commissions, taxes, and other costs, there was a net equity in the residence of $228,515. The trial court awarded the full amount of equity to Husband and, in order to equalize the division of the marital estate, entered a judgment against Husband in Wife's favor in the amount of $78,104.13, to be paid from the proceeds of the sale of the marital residence.

Over a year later, the house had still not been sold. On July 23, 2007, Wife filed a petition for the appointment of a commissioner alleging that Husband had stopped making mortgage payments and that foreclosure was imminent, and that Husband had informed her that he would make no further mortgage payments and that he would not lower the property's sale price. In an order dated November 14, 2007, the trial court found that Husband had not made mortgage payments since May of 2007 and appointed a commissioner to facilitate the sale of the property.

On January 10, 2008, the commissioner filed a petition asking the trial court to authorize the sale of the property for $480,000. A hearing was held on January 22, 2008, at which Husband and Wife appeared and agreed to the sale. The trial court approved the sale, and the net proceeds were deposited with the trial court clerk after the February 5, 2008 closing.

Wife subsequently filed a motion to strike various liens against the property and to determine priority amongst lienholders. A hearing was held on October 31, 2008, at which Husband, Wife, and their respective counsel from the dissolution proceedings, who had filed liens against the marital residence, all appeared. The parties entered into an agreement as to the appropriateness, amount, and priority of the liens, and the trial court ordered the distribution of the funds from the clerk's office in accordance with the terms of the agreement. Of the $105,052.98 in net proceeds deposited with the trial court, a total of $53,349.33 was either paid to Wife or credited toward her attorney fee obligations.

On July 19, 2010, Wife filed a petition to modify child support, establish child support arrearages, and a request for offset. In the petition, Wife asked the trial court to determine her outstanding child support arrearage and to offset her arrearage by the remaining balance Husband owed on the judgment entered pursuant to the dissolution decree. Nearly a year later, on June 23, 2011, Husband filed a motion for relief from judgment asking the trial court to set aside the equalizing judgment entered in Wife's favor as part of the dissolution decree. Husband argued, in relevant part, that he was entitled to relief under T.R. 60(B)(8) because it would be "patently unfair and unjust to allow the judgment to stand as it is because it is not a

4

true reflection of the value of the marital home and equalization of the distribution of marital property." *Appellant's Appendix* at 108.

At a hearing on November 10, 2011, the trial court denied Husband's motion from the bench, finding that it had not been filed within a reasonable time under T.R. 60(B)(8). In a written order entered following the hearing, the trial court also found that "the issue of home valuation was previously contested and strenuously argued at the parties' final hearing, and that there is insufficient evidence to grant [Husband's] request for relief from judgment." *Id.* at 176. The trial court went on to grant Wife's request for offset, and determined that the remaining balance Husband owed to Wife was $30,190.22. Husband now appeals.

1.

Husband argues that the trial court abused its discretion in denying his T.R. 60(B) motion for relief from judgment.[1] T.R. 60(B) provides a mechanism by which a party may obtain relief from the entry of a final judgment. *Laflamme v. Goodwin*, 911 N.E.2d 660 (Ind. Ct. App. 2009). "A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied*. An abuse of discretion occurs when the judgment is clearly against the logic and effect of the facts and

---

[1] On appeal, Wife briefly argues that Ind. Code Ann. § 31-15-7-9.1 (West, Westlaw current with all 2012 legislation), which provides that property distribution orders may not be modified except in cases of fraud, precludes Husband from seeking relief under T.R. 60(B). Wife has waived this issue by presenting it for the first time on appeal. *See Breneman v. Slusher*, 768 N.E.2d 451 (Ind. Ct. App. 2002), *trans. denied*. Nevertheless, we note that our Supreme Court has recently held that "the legal culture in Indiana is past the point where we could realistically say that Trial Rule 60(B) is not available when a dispute arises over a settlement agreement or property-division order." *Ryan v. Ryan*, 972 N.E.2d 359, 370 (Ind. 2012). Because we affirm the trial court's denial of Husband's T.R. 60(B) motion on its merits, it is unnecessary to consider whether such relief was barred by I.C. § 31-15-7-9.1. For the same reason, we need not address Wife's claim that Husband's claim is barred by the doctrine of laches.

inferences supporting the judgment. *Breneman v. Slusher*, 768 N.E.2d 451 (Ind. Ct. App. 2002), *trans. denied.* When reviewing the trial court's judgment, we will not reweigh the evidence. *Gipson v. Gipson*, 644 N.E.2d 876 (Ind. 1994). The movant bears the burden of establishing grounds for relief under T.R. 60(B). *Brimhall v. Brewster*, 864 N.E.2d 1148.

Pursuant to T.R. 60(B), a trial court may relieve a party from a judgment for the following relevant reasons:

> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59; . . .
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
> T.R. 60(B).

A motion filed under subsection (2) must be filed within one year after the judgment, and a motion filed under subsection (8) must be filed "within a reasonable time[.]" *Id.*

Husband asserted in his motion for relief from judgment that he was seeking relief under subsections (2) and (8) of T.R. 60(B). On appeal, Husband appears to have abandoned his argument under subsection (2), and for good reason: because a motion under T.R. 60(B)(2) must be filed within one year of the entry of judgment, Husband's June 22, 2011 motion is clearly untimely under that subsection.

Thus, we are left to consider whether the trial court abused its discretion in determining that Husband's T.R. 60(B) motion was not filed within a reasonable time for the purposes of subsection (8). "Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay." *Parham v. Parham*, 855 N.E.2d 722,

729 (Ind. Ct. App. 2006), *trans. denied*.[2]

Here, Husband's motion for relief from judgment was filed on June 22, 2011, approximately five years after the entry of the decree of dissolution, more than three years after the sale of the home, and nearly one year after Wife filed her request for offset. On appeal, Husband, who apparently proceeded pro se throughout much of the post-dissolution litigation, claims that his delay was attributable to his "mistaken assumption that the trial court would automatically reduce the value [of the home] based upon its sale price." *Appellant's Brief* at 23. But it is well settled that pro se litigants are held to the same standard as licensed attorneys. *In re Estate of Carnes*, 866 N.E.2d 260 (Ind. Ct. App. 2007). The trial court was not required to accept Husband's explanation as credible, reasonable, or sufficient to explain the length of Husband's delay. Husband's argument to the contrary amounts to an invitation to reweigh the evidence and substitute our judgment for that of the trial court, which we will not do in light of our deferential standard of review.

Husband's reliance on this court's decision in *Beike v. Beike*, 805 N.E.2d 1265, for the purposes of establishing that his T.R. 60(B) motion was filed within a reasonable time, is misplaced. In that case, following the dissolution of the parties' marriage in 1996, a Qualified Domestic Relations Order (QDRO) was entered reflecting the trial court's distribution of the husband's vested retirement benefits. Several years later, the husband's

---

[2] Husband seems to suggest that the question of whether a motion was filed within a reasonable time turns on whether exceptional circumstances justifying relief under T.R. 60(B)(8) exist. *See Brimhall v. Brewster*, 864 N.E.2d 1148 (noting that relief under T.R. 60(B)(8) is available only upon a showing of exceptional circumstances justifying extraordinary relief). The only authority Husband cites in support of this proposition is *Beike v. Beike*, 805 N.E.2d 1265 (Ind. Ct. App. 2004), which, as we explain further above, did not discuss the timeliness of motions under T.R. 60(B)(8). The questions of whether a T.R. 60(B)(8) motion was timely filed and whether there are exceptional circumstances justifying relief

employer declared bankruptcy and, as a result, husband's pension benefits were significantly reduced. The husband filed a motion for relief from judgment asking the trial court to modify the QDRO to reflect the change in circumstances. The trial court granted the motion, and this court affirmed.

In *Beike v. Beike*, however, the court did not address whether the motion was filed within a reasonable time, presumably because the issue was either conceded or not raised by the parties. *Id.* Moreover, although seven years had passed since the entry of the dissolution decree, the husband filed his motion for relief from judgment within a relatively short time after the event precipitating the motion. Specifically, the husband's employer declared bankruptcy in March 2002. Although it is unclear precisely when the employer's bankruptcy began to affect the husband's pension benefits, the husband filed his motion for relief from judgment on August 1, 2003—less than one and one-half years after the employer filed bankruptcy. *Id.* Here, on the other hand, Husband waited more than three years after the sale of the marital residence before filing his motion for relief from judgment.

Finally, and perhaps most importantly, *Beike v. Beike* came to this court in a different procedural posture than the case at hand. There, the trial court granted the husband's motion for relief from judgment, and this court was bound to affirm that decision unless the trial court had abused its discretion. *Id.* Here, the trial court denied the motion for relief from judgment, and we are likewise bound by that decision unless the trial court abused its discretion. On the record before us, we cannot conclude that the trial court's finding that

under that subsection are separate and distinct inquiries. To hold otherwise would be to render the time limitation under T.R. 60(B)(8) meaningless.

8

Husband's motion for relief from judgment was not filed within a reasonable time was clearly against the logic and effect of the facts and circumstances before it. Accordingly, we must affirm the denial of Husband's motion for relief from judgment.

Moreover, we cannot conclude that Husband has met his burden of establishing a basis for relief under T.R. 60(B)(8). A trial court may invoke its residual powers under T.R. 60(B)(8) only upon a showing of "exceptional circumstances justifying extraordinary relief." *Brimhall v. Brewster*, 864 N.E.2d at 1153. Additionally, T.R. 60(B) affords relief in extraordinary circumstances that are not the result of any fault or negligence on the movant's part. *Dillard v. Dillard*, 889 N.E.2d 28 (Ind. Ct. App. 2008)

Although Husband claims that the home sold for considerably less than its appraised value because of "unprecedented market conditions and decline in the economy," *Appellant's Brief* at 16, the disparity between the trial court's valuation of the home and its ultimate sale price is at least partially attributable to Husband's intransigence. Prior to the entry of the dissolution decree, the parties received three offers to purchase the home for amounts ranging from $510,000 to $561,750. Wife wanted to accept each of these offers, but Husband refused, even though the parties had received no other offers for several months. At the final hearing, Wife requested that Husband be awarded the marital residence because the parties were unable to communicate or cooperate concerning the sale of the home, and the trial court granted her request. Thereafter, Husband stopped making mortgage payments, which led to the commencement of foreclosure proceedings and, consequently, a distressed sale for significantly less than the property's appraised value at the time of the dissolution. For these reasons, the facts of this case are distinguishable from those Husband cites on appeal

9

because, in those cases, the decline in the value of the subject asset was attributable solely to forces outside the parties' control. *See Beike v. Beike*, 805 N.E.2d 1265; *Case v. Case*, 794 N.E.2d 514 (Ind. Ct. App. 2003).

Moreover, at the time of the dissolution decree, the ultimate sale price of the marital residence was, as in all sales of real estate, uncertain. Nevertheless, the trial court assigned a value to the home, awarded the home to Husband, and entered judgment in Wife's favor in a specific dollar amount as opposed to a percentage of the net proceeds. It is therefore apparent to us that the trial court intended to value the home as of the date of the final hearing and to allocate the risks and benefits associated with possible changes in the home's value to Husband. *See Ryan v. Ryan*, 972 N.E.2d 359 (declining to extend the principle that, absent language to the contrary, parties to a property settlement agreement share in the risks and rewards associated with investment and retirement plans to apply to sales of real estate). Husband did not appeal the trial court's dissolution decree, and he cannot now use T.R. 60(B) as a substitute for direct appeal. *See Weinreb v. TR Developers, LLC*, 943 N.E.2d 856 (Ind. Ct. App. 2011), *trans. denied.* Moreover, contrary to Husband's claims on appeal, the price for which the home was ultimately sold, after languishing on the market for more than three years and while in the midst of foreclosure proceedings, does not necessarily reflect the home's "actual value," *Appellant's Brief* at 22, nor does it establish that the trial court's valuation at the time of the dissolution was "incorrect" or "speculative." *Reply Brief* at 9. For all of these reasons, we cannot conclude that Husband established the requisite extraordinary circumstances to justify relief under T.R. 60(B)(8). Accordingly, the trial court did not abuse its discretion in denying Husband's motion for relief from judgment.

2.

On cross-appeal, Wife asks this court to award appellate attorney fees under App. R. 66(E), which provides in relevant part that "[t]he Court may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Although App. R. 66(E) provides us with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power in light of the potential chilling effect on the exercise of the right to appeal. *In re Estate of Carnes*, 866 N.E.2d 260. Our discretion to award attorney fees under App. R. 66(E) is limited to "instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). A strong showing is required to support an award of appellate damages, and we impose such sanctions not to punish mere lack of merit, but something more egregious. *Manous v. Manousogianakis*, 824 N.E.2d 756 (Ind. Ct. App. 2005).

Indiana appellate courts have categorized claims for appellate attorney fees into two categories: "procedural" and "substantive" bad faith claims. *Id.* at 768. In this case, Wife argues that Husband's appeal was taken in substantive bad faith. "To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility." *Id.*

We find that an award of appellate attorney fees would be inappropriate here. Although we find Husband's arguments unconvincing, his position on appeal is "consistent with reasonable advocacy grounded in established legal principles." *Ind. CPA Soc'y, Inc. v. GoMembers, Inc.*, 777 N.E.2d 747, 753-54 (Ind. Ct. App. 2002). Because we cannot

11

conclude that Husband's claims are utterly devoid of all plausibility, we decline to award appellate attorney fees.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.